IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT DALE DAVIDSON,            )
                                 )   Civil No. 04-407-JE
         Petitioner,             )
                                 )
    v.                           )
                                 )
CHARLES A. DANIELS and HARDY     )
MYERS,                           )
                                 )   FINDINGS AND RECOMMENDATION
         Respondents.            )

    Robert Dale Davidson
    FCI Sheridan
    P.O. Box 5000
    Sheridan, Oregon 97378

         Petitioner, *Pro Se*

    Hardy Myers
    Attorney General
    Lynn David Larsen
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

         Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner, a federal inmate at FCI-Sheridan, initially filed this habeas corpus action pursuant to 28 U.S.C. § 2241 seeking to challenge a detainer lodged against him by the State of Oregon. Petitioner claims that the detainer violates his right to due process because the Oregon Attorney General "relinquished jurisdiction to the federal authorities, thereby allowing his state and federal sentences to expire simultaneously." Petition (#1), pp. 3-4.

Because petitioner attacks the validity of his future confinement within the Oregon Department of Corrections, on September 16, 2004, the court converted this case into a 28 U.S.C. § 2254 action. For the reasons which follow, the Petition for Writ of Habeas Corpus (#1) should be denied, and the court should enter judgment dismissing this case.

## BACKGROUND

Petitioner was convicted in state court of one count of Ex-Con in Possession of a Weapon and 20 counts of Forgery in 1988. Respondent's Exhibit 101. Petitioner was sentenced to five years in prison on all counts, some of which were run consecutively. As a result, petitioner's cumulative indeterminate sentence amounted to 20 years, with a nine and one-half year minimum. Id.

Petitioner escaped from the Oregon Department of Corrections on September 8, 1991. Respondent's Exhibit 105. After the escape,

petitioner committed the federal crimes of Conspiracy to Manufacture Methamphetamine, Manufacture of Methamphetamine, and Aiding and Abetting the Manufacture of a Controlled Substance. Petitioner was sentenced to 262 months in prison on these federal charges, and his good-time release date from federal custody is 2011.

The State lodged a detainer against petitioner in December of 1992 which is intended to ultimately transfer his custody to the Oregon Department of Corrections so that he may serve out the remainder of his sentences for his Forgery convictions. Respondent's Exhibit 104. Petitioner brings this action alleging that he does not owe any additional time to the Oregon Department of Corrections, therefore the detainer was improperly lodged in violation of his right to due process. Respondent asks the court to deny relief on the Petition because petitioner: (1) has not complied with the statute of limitations; (2) failed to exhaust his available state remedies; (3) fails to allege any federal violation; and (4) has not demonstrated that his state sentence ever resumed running after he escaped from state custody.

## DISCUSSION

I. **Statute of Limitations**.

Respondent first asserts that petitioner failed to comply with the Anti-Terrorism and Effective Death Penalty Act's one-year

limitation period because he must have known about the allegedly unlawful detainer since at least October of 1995.

The Antiterrorism and Effective Death Penalty Act was enacted on April 24, 1996. The Act provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners who are "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Because petitioner is a federal inmate, and is not currently in custody pursuant to a state court judgment, the court declines to apply the Anti-Terrorism and Effective Death Penalty Act's one-year limitation period to the current claim.

II. **Exhaustion and Procedural Default**.

Next, respondent asserts that relief is not appropriate because petitioner has not presented any federal issue to the Oregon Supreme Court.

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. Rose v. Lundy, 455 U.S. 509, 519 (1982). A state prisoner has not fairly presented his federal claims to a state court unless he has referenced specific provisions of the federal constitution or statutes, or cited to federal case law. Lyons v. Crawford, 232

F.3d 666, 670 (9th Cir. 2000) as modified by 247 F.3d 904 (9th Cir. 2001).

The record in this case shows that petitioner filed a state habeas corpus petition in Marion County challenging the validity of the State's 1992 detainer. Respondent's Exhibit 108. The state habeas court dismissed petitioner's case on its own motion, without prejudice, advising petitioner that he "has other timely remedies available to him in the forms of federal court actions and mandamus." Respondent's Exhibit 109, p. 2. Because the Marion County Circuit Court specifically counseled petitioner that his remedy lay with the federal courts, the State cannot fault petitioner for electing to proceed directly to federal court rather than continue in the state courts. Accordingly, the exhaustion requirement should be excused in this case.

**III. The Merits.**

As an initial matter, respondent asserts that petitioner fails to allege a federal constitutional violation. On the contrary, in his Petition, petitioner alleges that the "detainer unlawfully places a liberty constraint on him thereby violating a constitutionally protected liberty interest . . . ." Petition (#1), p. 3. The court will therefore examine the merits of petitioner's claim to determine if the detainer violates clearly established federal due process law.

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Because there are no state court findings regarding the merits of petitioner's due process claim, the court conducts an independent review of the record in this case. See Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

Petitioner alleges that following his escape from the Oregon Department of Corrections, he was arrested during a raid executed by a joint drug task force operation including federal, state, and local authorities. Petitioner argues that following his arrest, he was returned to state custody, convicted in federal court of the aforementioned drug charges, then transferred to the Federal Correctional Institution at Sheridan to serve both his state and federal sentences. In sum, petitioner contends that his state sentence expired some time ago because it ran concurrently with his federal sentence upon his placement at FCI-Sheridan, thus the detainer lodged by the State violates his right to due process.

As Exhibit A to the Petition for Writ of Habeas Corpus, petitioner attaches one page of a custody report which he offers to

6 - FINDINGS AND RECOMMENDATION

support the proposition that he was taken into custody by the Oregon Department of Corrections. The document is titled "CUSTODY REPORT, Department of State Police, Salem, Oregon 97310" and shows that petitioner was arrested on December 22, 1991. Petitioner's Exhibit A. However, it also shows that petitioner was "Lodged in Lane County Jail **in federal custody**." Petitioner's Exhibit A (emphasis added). In fact, the State Trooper who authored the Custody Report noted that he was acting as the transport officer to assist the Drug Enforcement Agency.

Petitioner's own records make it clear that he was arrested during a raid orchestrated by the Drug Enforcement Agency, and placed in federal custody (albeit in the Lane County Jail) immediately following his arrest. There is no evidence that petitioner was placed back in the custody of the Oregon Department of Corrections before being tried and convicted in federal court and placed within the custody of the Bureau of Prisons. Because petitioner was not returned to the custody of the Oregon Department of Corrections as he contends, his state sentence was not reactivated. For this reason, petitioner's due process challenge to the validity of his detainer is without merit.

## **RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) should be DENIED, and the court should enter Judgment DISMISSING this case, with prejudice.

7 - FINDINGS AND RECOMMENDATION

## SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this __30th__ day of June, 2005.

                        /s/ John Jelderks
                        John Jelderks
                        United States Magistrate Judge